ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOVELY H., GLORIA Q., and MICHELE N.,
on behalf of themselves and all others similarly
situated,
                                    Plaintiffs,
            -against-                                    No. 05 Civ. 6920 (LTS)(AJP)

VERNA EGGLESTON, as Administrator/Comm.
New York City Human Resources Administration,

                                    Defendant.

MEMORANDUM OPINION AND ORDER

    In this action Plaintiffs, who assert that they are welfare recipients with disabilities who reside in New York City, bring claims under Title II of the Americans with Disabilities Act (the "ADA"), Section 504 of the Rehabilitation Act of 1974 ("the Rehabilitation Act"), the Due Process Clauses of the United States and New York State Constitutions, and various New York State and City civil rights and social services statutes and regulations, on behalf of themselves and a class of New York City welfare recipients with disabilities. On April 19, 2006, the Court granted Plaintiffs' motion to certify a class and subclass, and granted Plaintiffs' motion for a preliminary injunction, enjoining the New York City Human Resources Administration ("HRA") from involuntarily reassigning class members' welfare assistance cases to one of three Hub Centers established as part of the WeCARE program.

    Plaintiffs now move the Court for an order granting them permission to amend their complaint pursuant to Fed. R. Civ. P. 15(a), permitting the intervention of additional class members as party plaintiffs pursuant to Fed. R. Civ. P. 23(d) and 24(b), and amending the class definition.

The Court has jurisdiction of the federal constitutional and statutory claims raised in this matter pursuant to 28 U.S.C. §§ 1331 and 1343 and, as explained in the Court's preliminary injunction and class certification decision, also has supplemental jurisdiction over the related state and local law claims. The Court has considered thoroughly the parties' arguments and submissions. For the reasons that follow, Plaintiffs' motions are granted.

## BACKGROUND

The Court presumes familiarity with the background of this case as detailed in the earlier decision. See Lovely H. v. Eggleston, 235 F.R.D. 248 (S.D.N.Y. 2006). Following the Court's April 19, 2006, Order, HRA informed the Court of its decision to close the WeCARE Hub Centers and transfer the WeCARE designees' cases back to their neighborhood Job Centers.

## DISCUSSION

I. Motion to Amend the Complaint

Plaintiffs move to amend the Complaint in two respects: first, they seek to amend the Complaint to provide a description of events that allegedly happened to one of the original named Plaintiffs, Gloria Q., after the filing of the Complaint; and second, they seek to add greater specificity to some of the claims in the Complaint regarding HRA's alleged denial of reasonable accommodations at the Job Centers. Plaintiffs argue that these amendments will assist the Court in understanding more fully Plaintiffs' claims and will not unduly prejudice Defendant or delay the litigation. Defendant argues that the amendments would be untimely and unduly prejudicial to Defendant.

Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." "[T]his mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962).

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he [or she] ought to be afforded an opportunity to test his [or her] claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'

Id. (alterations added).

Clearly, there is no undue delay regarding Plaintiffs' request to update their Complaint with events that have occurred to Gloria Q. since the filing of the Complaint. Defendants also make no argument that this specific amendment would be prejudicial, and the Court sees no reason to believe it will be so. Thus, the request to amend the Complaint with respect to events that have occurred to Gloria Q. since the filing of the Complaint is granted.

The request to amend the Complaint to add greater specificity to some of the claims in the Complaint regarding HRA's alleged denial of reasonable accommodations at the Job Centers is also granted. Although claims regarding denial of reasonable accommodations at the neighborhood Job Centers were not the primary focus of the original Complaint and have not been the focus of the litigation thus far, such allegations were included in the Complaint when it was initially filed. See Complaint at ¶ 78, alleging that HRA has failed to "adequately train and supervise its staff in local Job Centers regarding the rights of qualified individuals with disabilities, their rights to receive benefits and services pursuant to the ADA, and how to provide reasonable accommodations to such individuals"; at ¶ 80, alleging that the Job Centers "fail to provide reasonable modifications that HRA specifically requires its [WeCARE providers to provide to those participating in WeCARE]"; and ¶ 162, requesting that the Court order HRA to "make reasonable accommodations available to class members . . . at their local welfare centers." Therefore, allowing the Plaintiffs to amend the Complaint to provide greater specificity regarding these claims will not unduly prejudice Defendant

or delay the litigation. Additionally, the Court finds no evidence of the other conditions outlined in Foman that counsel against allowing amendment, such as bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or futility of amendment. Mindful that leave to amend is to be freely given when justice requires, the Court grants Plaintiffs' motion to amend the Complaint.

II. Motion to Add New Party Plaintiffs

Plaintiffs seek leave to intervene three[1] named Plaintiffs who are class members and who make allegations regarding the denial of reasonable accommodations at Job Centers. They argue that permission to intervene should be granted, as the declarations of these three Plaintiffs present common questions of law and fact, would assist the Court in understanding more fully Plaintiffs' claims and would, in fact, assist the Court and the parties in narrowing the scope of discovery. They also argue that intervention would not delay the litigation or prejudice the rights of the original parties. Defendants oppose the intervention, arguing that this case is nearing resolution and that Plaintiffs' motion is untimely.

Fed. R. Civ. P. 24(b)(2) provides that, upon timely application, anyone may be permitted to intervene in an action "when an applicant's claim or defense and the main action have a question of law or fact in common." Rule 24(b)(2) provides that "[i]n exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the

---

[1] Plaintiffs' memorandum of law in support of their motion refers to three named Plaintiffs on page 5 and four named Plaintiffs on page 9. Because the Plaintiffs' proposed amended class action complaint (attached as an exhibit to their motion papers) adds three named Plaintiffs to the caption, Courtney B., Laura S. and Eula S., and because this appears to be consistent with the declarations attached to their motion papers, the Court assumes that Plaintiffs seek to intervene three named Plaintiffs.

rights of the original parties." Fed. R. Civ. P. 24(b)(2). "Additional relevant factors include the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." H.L. Hayden Co. of New York, Inc. v. Siemens Medical Systems, Inc., 797 F.2d 85, 89 (2d Cir. 1986). Courts in this District have held that Rule 24(b)(2) should be construed liberally. See Degrafinreid v. Ricks, 417 F. Supp. 2d 403, 407 (S.D.N.Y. 2006). Fed. R. Civ. P. 23(d) provides that in class actions, the court may make appropriate orders permitting class members "to intervene and present claims or defenses."

As noted above, although they have not been the focus of the litigation to date, claims regarding the alleged denial of reasonable accommodations at local Job Centers have been part of the Complaint since the inception of this litigation. The Court concludes that the intervention of the three additional named Plaintiffs will "significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented," H.L. Hayden Co. of New York, Inc., 797 F.2d at 89, and will not unduly delay or prejudice the adjudication of the rights of the original parties Accordingly, Plaintiffs' motion to intervene as named Plaintiffs Courtney B., Laura S. and Eula S. is granted.

III. Motion to Amend the Class Definition

Finally, Plaintiffs seek an amendment of the definition of the certified class. They argue that the changed landscape created by HRA's decision to close the hub centers following the Court's April 19, 2006, Order has necessitated such a change. The Court originally certified a main class consisting of "recipients of public assistance, food stamps and/or Medicaid who have received or

will receive a notice from the New York City Human Resources Administration involuntarily transferring their case to one of three 'hub' centers in Manhattan, the Bronx or Brooklyn in connection with the WeCARE program." Lovely H., 235 F.R.D. at 258. Plaintiffs ask the Court to amend the main class definition to cover "recipients of public assistance, food stamps and/or Medicaid who are or will be designated as participants in the WeCARE program." Defendants argue that this amended definition would substantially broaden the scope of the litigation and point out that any class certified by the Court must meet Rule 23(a)'s requirements of numerosity, commonality, typicality and adequacy of representation.

Fed. R. Civ. P. 23(c)(1)(C) provides that "[a]n order under Rule 23(c)(1) may be altered or amended before final judgment." Because of HRA's decision to close down the Hub Centers associated with the WeCARE program, notifications of involuntary transfers will no longer be sent out. However, as discussed above, class members continue to assert viable claims in this case regarding alleged failure to provide reasonable accommodations at the neighborhood Job Centers. Thus, amending the class definition to focus on designation to WeCARE rather than receipt of a transfer notice is an appropriate action at this time. The Court notes that the requirements of Rules 23(a) and 23(b)(2) will still be met under this amended definition, for substantially the same reasons the Court outlined in its earlier class certification decision. See Lovely H., 235 F.R.D. at 254- 257. Accordingly, Plaintiffs' motion to amend the main class definition is granted. Because the subclass is defined in terms of the main class, there is no need to amend the subclass definition as well.

## CONCLUSION

For the foregoing reasons, the Court grants the Plaintiffs' motions to amend the Complaint, to intervene three additional named party Plaintiffs and for an amendement of the class

definition. Class members Courtney B., Laura S. and Eula S. are granted permission to intervene as named Plaintiffs. The main class definition is amended to be "recipients of public assistance, food stamps and/or Medicaid who are or will be designated as participants in the WeCARE program."

Plaintiffs shall serve and file an amended complaint no later than two weeks from the date of this Order.

SO ORDERED.

Dated: New York, New York
       November 15, 2006

_____
LAURA TAYLOR SWAIN
United States District Judge